IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

NICK BRADLEY MENNICK,           )
                                )
                 Petitioner,    )      Case No. CV-07-23-S-EJL
                                )
v.                              )      **MEMORANDUM DECISION**
                                )      **AND ORDER**
JOHN HARDISON, Warden of IMSI   )
Prison,                         )
                                )
                 Respondent.    )
_____ )

Pending before the Court in this habeas corpus case are various motions filed by the parties. Having reviewed the record, including the state court record, the Court concludes that oral argument is unnecessary. Having considered the arguments of the parties, and being fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Petitioner was convicted of aggravated assault after jury trial in the Fourth Judicial District Court, in Ada County, Idaho. The Idaho Court of Appeals described the incident leading to the conviction as follows:

> Mennick was charged with aggravated battery, Idaho Code § 18-907, as a result of a fight. After he and the victim had been in an altercation one evening, Mennick re-appeared at the scene, and the very drunk victim

MEMORANDUM DECISION AND ORDER 1

allegedly threatened Mennick with a knife.  In response, Mennick smashed the victim's face with a beer can, causing him to tumble backward and strike his head.  Mennick then rammed the victim's head into the side of the building, rendering him unconscious.  After that, Mennick jumped on the victim's chest with both feet.  A witness intervened, and paramedics transported the victim to the hospital.  Medical tests revealed several serious injuries, including bruising to the victim's brain, bleeding within and around his brain, rib fractures, and an injury to his pancreas.  The victim was moved to another hospital so trauma surgeons could monitor his condition.  At trial, a doctor opined that these injuries could have been life threatening.

*State's Exhibit B-4*, pp. 1-2.

Petitioner proceeded to jury trial on the charge.  The trial court described the course of Petitioner's relations with his trial counsel as follows:

> After the petitioner threw his file at the first public defender appointed to his case, the petitioner stated he did not want an attorney.  The court later appointed another public defender, which the petitioner insisted on firing.  The petitioner then proceed to represent himself, and the court appointed the public defender to serve as standby counsel.
> Well into the trial, the petitioner decided he did want counsel.

*State's Exhibit C-1, p. 21*.

Petitioner was convicted by the jury.  Judgment was entered on August 27, 2004. Petitioner was sentenced to twelve years fixed, with three years indeterminate.  After conviction, Petitioner's appointed appellate counsel filed a direct appeal challenging the trial court's failure to appoint an expert for him as an indigent defendant.

In the midst of the direct appeal, Petitioner filed a letter with the Idaho Supreme Court, expressing dissatisfaction with his appellate attorney, stating that the attorney would not communicate with Petitioner and failed to raise claims Petitioner believed were meritorious.  Petitioner asked for a stay of the appeal and appointment of new counsel so that

MEMORANDUM DECISION AND ORDER 2

the appellate briefing could be amended.  *State's Exhibit D-1*.  The Idaho Supreme Court

construed the letter as a petition for writ of mandamus and denied relief.  *Id.*

Thereafter, based on the briefing provided by appellate counsel, the Idaho Court of Appeals

rejected the failure-to-appoint-an-expert claim and affirmed the judgment of conviction on

December 1, 2005.  *State's Exhibit B-4*.  The Idaho Supreme Court denied the petition for

review on October 11, 2006.  *State's Exhibit B-8.*

On October 20, 2005, Petitioner filed a state post-conviction application, which was

dismissed by the district court.  *State's Exhibit C-1*.  Petitioner did not file an appeal.  He

filed his federal Habeas Corpus Petition on January 10, 2007.

## PETITIONER'S MOTIONS

### A.   Motion for Appointment of Counsel (Docket No. 10)

Petitioner has requested appointment of counsel because he is untrained in the law and

has inadequate legal resources.  There is no constitutional right to counsel in a habeas corpus

action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  In addition, the Supreme Court

has held that states are not required to provide legal assistants or law clerks to prisoners to

ensure meaningful access to courts.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996)

(concluding that there is no "freestanding right to a law library or legal assistance").

A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary

hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.

In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner

in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. §

MEMORANDUM DECISION AND ORDER 3

3006A(a)(2)(B).  Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner has not shown that any extraordinary circumstances exist that would cause the Court to appoint counsel, given that there has been no showing made that an evidentiary hearing is required.  Petitioner appears to be able to file appropriate pleadings and papers to bring forward his claims and argue his position.  The Court will review this case for appointment of counsel at a later date if it appears necessary.  At this point, the Motion shall be denied.

**B.      Motion for Court Order for Transcripts (Docket No. 11)**

Petitioner requests that the state court record be expanded with transcripts of various pretrial hearings.  He alleges that he requested these transcripts from the trial judge, but his request was refused.  He alleges that the transcripts will show misconduct of the prosecutor, public defender, and judge.  He alleges that the judge was highly prejudiced and biased.  He also believes the transcripts will help aid him in arguing that the judge violated Petitioner's constitutional rights by denying him an expert witness.

At this point, the Court will deny the request without prejudice because it appears that the vast majority of the state court record has been produced.  If it appears at a later date that the missing pretrial transcripts are particularly relevant to any of Petitioner's remaining claims, then the Court will reconsider the request.

As to the expert witness claim, the transcripts for the hearing on Petitioner's motion

MEMORANDUM DECISION AND ORDER 4

were *not* produced as part of the state court record, and thus the Idaho Court of Appeals did not have an opportunity to review them.  A similar request was addressed by the Seventh Circuit in *Boyko v. Parke*, 259 F.3d 781 (7th Cir. 2001), in this manner:

> Mr. Boyko's ultimate goal in this case is to introduce the transcript into the record and to have a federal court evaluate his ineffective assistance of counsel claims in light of the information in the transcript. Regardless of the procedural device through which Mr. Boyko seeks to accomplish this goal, he is asking that a federal court evaluate the merits of factual matters never presented to the state courts. Because § 2254(e)(2) restricts a petitioner's attempts to supplement the factual record, Mr. Boyko must satisfy that provision's requirements before he may place new factual information before the federal court.

*Id.* at 780-790.  This Court agrees.

If a petitioner wishes to bring new evidence on federal habeas review that has not been presented to the state courts, *and* he failed to develop the factual basis of the claims in state court because of "lack of diligence or some greater fault, attributable to" him or his counsel, then he must meet the requirements of § 2254(e)(2).  *Williams v. Taylor*, 529 U.S. 420, 432 (2000).  If he is not at fault for not presenting the evidence to the state courts, then he can present the evidence on federal habeas corpus review without meeting the requirements of § 2254(e)(2).  *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004).

MEMORANDUM DECISION AND ORDER 5

Section 2254(e)(2) requires that a petitioner show that (1) his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* that (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilt of the underlying offense." *See* § 2254(e)(2)(A)&(B).

Here, Petitioner's appellate counsel selected the expert witness issue as the only claim to present on appeal. Counsel more than adequately presented this claim to the Idaho Court of Appeals in opening and reply briefs. *State's Exhibits B-1 & B-3*. Petitioner has not shown that his appellate counsel sought the transcripts of the hearing on the motion for appointment of expert witness for appeal. Although Petitioner informed the Idaho Court of Appeals that he had requested pretrial transcripts from the trial court and the trial court refused to prepare them (*State's Exhibit D-1*), this Court construes Petitioner's pro se request as relevant only to those issues *not* presented by his appellate counsel. Counsel's decision not to order the transcript for appeal on the expert witness issue or failure to do so, whichever the case may be, is attributed to Petitioner. In addition, there is no indication that the transcript was necessary for a thorough presentation and analysis of the expert witness issue. Because Petitioner has not shown diligence and necessity and has not met the standard of § 2254(e)(2), the Court will deny this portion of the Motion, as well.

MEMORANDUM DECISION AND ORDER 6

**C.      Motion for Documents from VA Hospital (Docket No. 12)**

Petitioner requests that the Court allow him to obtain discovery in this case; particularly, he wishes to obtain Veterans Administration (VA) records regarding treatment of the victim of the aggravated battery.  At trial, the victim testified that he was hospitalized at the VA due to poisoning.  *State's Exhibit A-6*, p. 252.  Petitioner asserts that the victim received only minor injuries, and that additional reports would have shown that the victim was only slightly injured in the fight with Plaintiff and had remained hospitalized for a different reason.

During the course of trial, Petitioner requested that the prosecutor produce "all medical reports."  *State's Exhibit A-2*, p. 58 (Discovery Request of February 5, 2004).  Petitioner did, in fact, receive the victim's medical reports, which he described as follows:

> There were words and numbers that meant nothing to defendant in the medical reports that he was given.  A lot of the words the defendant could not even pronounce much less know what they meant.

*Petition for Writ of Habeas Corpus*, p. 4 (Docket No. 3).  Therefore, it appears that Petitioner *did* receive appropriate medical reports in discovery responses from the prosecutor.

Petitioner did not request that he be permitted to review additional VA records in his post-conviction case, and he did not file an appeal in that case.  *State's Exhibit C-1*.  Neither did his counsel request to have additional VA records included in the record on the direct appeal matter.  Accordingly, because Petitioner did not act diligently to bring these records before the state courts, he must meet the standard of § 2254(e)(2) in order to qualify to conduct discovery here.  Because he has not brought forward any facts showing he has met

MEMORANDUM DECISION AND ORDER 7

that standard, his Motion shall be denied.

**D.      Motion for Notice of Documents (Docket No. 23)**

Petitioner asserts that several of his pro se motions are missing from the state court record.  The register of actions from the state court case shows that Plaintiff filed a "Motion for Discovery from Prosecuting Attorney," a "Motion for Fingerprints and DNA Test," and a "Motion for Continuance" on January 6, 2004.  The motions themselves do not appear to be included in the copy of the state court record lodged with the Court.  Petitioner or Respondent may submit copies of the three missing motions if copies exist.

Petitioner asks the Court to expand the state court record with a copy of the register of actions from the state court.  He has made various notes on the register of actions.  An un-annotated copy of the register is already included in the record.  *See State's Exhibit A-1*, p. 4.  Therefore, this portion of Petitioner's motion is moot.

**RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL**

Petitioner brings two claims in his federal habeas corpus petition.  First, he asserts that the trial court's denial of his request for expert witness funds violated his Fourteenth Amendment rights under *Ake v. Oklahoma*, 470 U.S. 68 (1985).  This claim has been properly exhausted and is not at issue.

Second, Petitioner asserts that his trial counsel performed in an ineffective manner at trial in violation of his Sixth Amendment right under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Massaro v. U.S.*, 538 U.S. 500 (2003), and that his direct appeal counsel performed ineffectively for not raising certain issues on appeal.  Here, Respondent argues

MEMORANDUM DECISION AND ORDER 8

that the ineffective assistance of counsel claims are procedurally defaulted.

## A.      Standard of Law

Respondent has filed a Motion for Partial Summary Dismissal (Docket No. 20).  Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*.  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on such unexhausted claims.  28 U.S.C. § 2254(b).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM DECISION AND ORDER 9

claim to the highest state court with jurisdiction to consider it (proper exhaustion), or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 32.

Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those falling within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of

MEMORANDUM DECISION AND ORDER 10

actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986);  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Finally, when the federal district court performs a review of a habeas corpus petition, a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel."  *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

**B.    Discussion of Procedural Default**

Respondent asserts that Petitioner's second claim, ineffective assistance of counsel at trial and on direct appeal, is procedurally defaulted.  The first part of the second claim is that Petitioner's trial counsel performed ineffectively in failing to locate and interview witnesses, file motions, or have evidence excluded.  Petitioner raised this claim in his post-conviction application.  *State's Exhibit C-1*, pp. 1-5.  However, he did not appeal the trial court's dismissal of his application.  No state remedies remain available for Petitioner to exhaust his claim, and thus it is procedurally defaulted.

MEMORANDUM DECISION AND ORDER 11

The second part of the second claim is ineffective assistance of counsel on appeal. In his post-conviction application, Petitioner did not allege that his direct appeal counsel had performed ineffectively. *State's Exhibit D-1*, pp. 1-2.  Because the claim that his counsel performed ineffectively on appeal has not been properly exhausted through the state court system and the time to do so is now expired, that part of his ineffective assistance of counsel claim is procedurally defaulted.[2]

**C.    Conclusion**

The entirety of the second claim, regarding trial counsel and appellate counsel, shall be dismissed on procedural default grounds, absent a showing of cause and prejudice or miscarriage of justice.  Respondent shall file a motion for summary judgment regarding the merits of the first claim no later than April 30, 2008.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 10) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Court Order for Transcripts (Docket No. 11) is DENIED without prejudice.

---

[2]  The Court has considered whether the underlying substantive claims Petitioner attempted to raise pro se  on appeal are properly exhausted. *See Clemmons v. Delo*, 124 F.3d 944, 947-48 (8th Cir. 1997) (finding proper exhaustion when the prisoner had requested permission to file a supplemental brief so that he could bring a *Brady* claim, among many others, before the state appellate court, but that request was denied).  The Court concludes that Petitioner's notification to the Idaho Supreme Court that he wished to raise additional claims on appeal cannot be construed as proper exhaustion because he did so in a vague and cursory manner without any factual basis for any claim. *See State's Exhibit D-1*.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Documents from VA Hospital (Docket No. 12) is DENIED.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Partial Summary Judgment (Docket No. 20) is CONDITIONALLY GRANTED.  Petitioner may submit a cause and prejudice and miscarriage of justice brief no later than the date his response to Respondent's motion for summary judgment is due.  If he does not present such a brief, the granting of the Motion for Partial Summary Judgment shall be made final.

IT IS FURTHER HEREBY ORDERED that Respondent shall file a motion for summary judgment in this case no later than **April 30, 2008.**

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Notice of Documents (Docket No. 23) is GRANTED to the extent set forth above.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Status Check (Docket No. 25) is GRANTED with the issuance of this Order.

DATED:  **February 25, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER 13